**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1020
_____

In re: TOWN SPORTS INTERNATIONAL, LLC, et al.,
Debtors


RAMON MORENO-CUEVAS,
Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Civil Action No. 1-23-cv-00472)
District Judge:  Honorable Maryellen Noreika

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 21, 2024
_____

Before:  KRAUSE, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: August 28, 2024)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In 2019, appellant Ramon Moreno-Cuevas commenced an action in the United States District Court for the District of Connecticut against Town Sports International, LLC ("Town Sports") and related parties. The dispute arose from a purported sublease agreement for office space at a fitness club in West Hartford, Connecticut. While that matter was pending, Town Sports filed voluntary petitions under Chapter 11 of the Bankruptcy Code. As a result, the Connecticut action was automatically stayed under 11 U.S.C. § 362(a).[1]

During the Chapter 11 proceedings, Town Sports identified Moreno-Cuevas as holding a contingent, unliquidated, and disputed claim and notified him of the procedures and "bar date" for filing a proof of claim. But Moreno-Cuevas chose not to file a proof of claim—apparently because he believed that if he declined to participate in the bankruptcy case, he could move forward with the Connecticut action. He later emphasized that he refused to give up his right to a jury trial in that action.

Town Sports proceeded with a court-approved process for the sale of substantially all of its assets. In December 2020, the Bankruptcy Court approved a plan that designated a Plan Administrator to wind down its affairs. The Plan established a Non-Released Claims Trust to oversee the administration of general unsecured claims. At that time, the automatic stay was replaced with the Plan Injunction, which imposed a

---

[1] At that time, Town Sports and the other defendants had filed a motion to dismiss the Connecticut action, asserting, inter alia, that Moreno-Cuevas' claims were barred by Connecticut preclusion doctrines and Rooker-Feldman because Moreno-Cuevas had already lost on those claims in state court.

permanent injunction barring pre-petition claims.[2] Moreno-Cuevas did not object to the confirmation of the Plan. The Plan Administrator and Non-Released Claims Trustee subsequently reconciled the claims filed in the Chapter 11 cases and made distributions to creditors.[3]

Meanwhile, Moreno-Cuevas filed a series of motions asking the Bankruptcy Court to "lift the automatic stay" so that he could proceed with the Connecticut action. The Bankruptcy Court construed his motions as requests for relief from the Plan Injunction and denied them. At the hearing on his fourth and final motion, the Bankruptcy Court explained to Moreno-Cuevas that the exclusive source of recovery for his pre-petition claim was Town Sports' estate, but he could not recover from the estate because he had not filed a proof of claim. Thus, the Bankruptcy Court told him, even if it modified the Plan Injunction to permit him to litigate the Connecticut action, he would be left with no source of recovery. Accordingly, the Bankruptcy Court denied Moreno-Cuevas's fourth motion. He appealed the Bankruptcy Court's ruling to the District Court, which affirmed. He now seeks our review of the District Court's order.

We have jurisdiction under 28 U.S.C. §§ 1291 and 158(d)(1). We exercise plenary review of "a district court sitting as an appellate court in review of a bankruptcy

---

[2]    Shortly before the Bankruptcy Court approved the Plan, Moreno-Cuevas moved to dismiss the bankruptcy case on the ground that it impinged on his right to a jury trial in the Connecticut action. The Bankruptcy Court denied relief, the District Court dismissed Moreno-Cuevas's appeal as untimely, and we dismissed the appeal for lack of jurisdiction. See In re Town Sports Int'l, LLC, No. 21-2754, 2022 WL 3971583, at *1 (3d Cir. Aug. 31, 2022).
[3]    On December 7, 2023, the Bankruptcy Court entered a final decree closing the bankruptcy case.

court." In re W.R. Grace & Co., 729 F.3d 311, 319 n.14 (3d Cir. 2013). We review the Bankruptcy Court's legal determinations de novo, its factual findings for clear error, and its exercise of discretion for abuse thereof.[4] In re Wettach, 811 F.3d 99, 104 (3d Cir. 2016). We review a bankruptcy court's decision to deny relief from an automatic stay or plan injunction for abuse of discretion. In re Sonnax Indus., 907 F.2d 1280, 1286 (2d Cir. 1990).

We see no error here. Courts generally consider three factors when a creditor moves to modify an automatic stay or plan injunction: (1) whether the bankrupt estate or debtor will be greatly prejudiced if the civil suit is allowed to proceed; (2) whether the hardship to the creditor by maintenance of the plan injunction considerably outweighs the hardship to the debtor; and (3) whether the creditor is likely to prevail on the merits in his civil suit. See In re Windhaven Top Ins. Holdings, LLC, 636 B.R. 596 (Bankr. D. Del. 2021). When the Bankruptcy Court considered these factors in Moreno-Cuevas's case, it weighed the parties' interests and concluded that it would be futile to modify the Plan Injunction to permit Moreno-Cuevas to proceed with the Connecticut action because, regardless of the outcome of that action, he was not entitled to a distribution from Town Sports' estate. We agree.

Moreover, the District Court properly rejected Moreno-Cuevas's arguments on appeal. For example, he argued in that court, as he does here, that Town Sports was not permitted to discharge the debt it allegedly owes to him because the Bankruptcy Code

---

[4] Contrary to Moreno-Cuevas's contention, the District Court properly applied the same standard of review.

4

precludes discharge of debts relating to fraudulent pre-petition transactions. But the Plan did not discharge Moreno-Cuevas' claim; as the Bankruptcy Court repeatedly explained to him, he was not entitled to a distribution from the estate because he did not file a proof of claim. Moreno-Cuevas also argued that, by declining to file a proof of claim, he retained both his right to a jury trial in the Connecticut action and his right to recover on a favorable judgment in that action. We agree with the District Court, however, that any relief in the Connecticut Action would result in no recovery because the Plan Injunction bars him from collecting on pre-petition debt. We have considered Moreno-Cuevas's remaining arguments on appeal and agree with Town Sports that he forfeited them by failing to raise them in the bankruptcy proceedings. See Buncher Co. v. Off. Comm. of Unsecured Creditors of GenFarm Ltd. P'ship IV, 229 F.3d 245, 253 (3d Cir. 2000).

Accordingly, we will affirm.[5]

---

[5] Moreno-Cuevas' motion for leave to file a reply brief, which we construe as a motion for leave to file a supplemental appendix, and Town Sports' motion for leave to supplement the appendix, are granted.

5